UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Entrust DataCard Corporation, | Case No. 0:18-mc-00101-DWF-KMM |
| Plaintiff, | |
| v. | ORDER |
| Atlantic Zeiser, GMBH; Atlantic Zeiser, Inc.; and Innovatime Industrie SARL; | |
| Defendants. | |

This matter is before the Court on the Motion to Quash Lundstrom Subpoena filed by Plaintiff Entrust DataCard Corporation ("Entrust") and Movant Robert Lundstrom. ECF No. 2. As an alternative to quashing the subpoena, Entrust and Mr. Lundstrom ask that the motion be transferred to the Middle District of Florida, where the litigation underlying the subpoena is currently pending. *See Entrust DataCard Corp. v. Atlantic Zeiser, et al.* ("*Entrust* Florida Case"), No. 3:17-cv-110-J-39MCR (M.D. Fl. Jan. 30, 2017). Atlantic Zeiser, GMBH, Atlantic Zeiser, Inc., and Innovatime Industrie SARL (collectively "Defendants"), oppose the motion to quash the subpoena and argue that it would be improper to further delay Mr. Lundstrom's deposition by transferring this matter to the Florida court. The Court heard argument in this matter on January 7, 2019, and has communicated with United States Magistrate Judge Monte C. Richardson of the Middle District of Florida regarding this litigation. For the reasons discussed below, Entrust and Mr. Lundstrom's motion is denied and the Court orders that Mr. Lundstrom's deposition must be taken within twenty-one days from the date of this Order.

In the underlying Florida litigation, Entrust alleges that the Defendants are infringing two of Entrust's patents for "card personalization machines, which are the machines used to put cardholder information on cards such as credit or identity cards when the cards are issued." *See* Pl.'s Mem. at 3, ECF No. 3.

1

Mr. Lundstrom is one of the inventors for these patents. The Defendants represent that they have been seeking Mr. Lundstrom's deposition since September 2018. Defs.' Opp'n at 15, ECF No. 10. The Defendants originally served Entrust a notice to depose Mr. Lundstrom pursuant to Fed. R. Civ. P. 30 on Entrust, but Mr. Lundstrom's deposition was not taken despite being discussed several times. Hartley Decl., Ex. 8, ECF No. 11. The defendants then served a Rule 45 subpoena on Mr. Lundstrom[1] on December 3, 2018, commanding him to appear for a December 17th deposition near his residence in Minnesota. Entrust and Mr. Lundstrom's motion to quash followed.

### *Rule 45: Motions to Quash*

Pursuant to Rule 45, a federal court in a district where compliance with a non-party subpoena is required must quash or modify the subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). The court *may* quash a subpoena that requires disclosure of a trade secret or other confidential business information or of an unretained expert's opinion. Fed. R. Civ. P. 45(d)(3)(B).

Rule 45 also provides that a federal court may transfer a subpoena-related motion to the district where the underlying litigation is pending. *See* Fed. R. Civ. P. 45(f). Specifically, it states:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court[2] if the person subject to the subpoena consents or if the court finds exceptional circumstances.

---

[1] Mr. Lundstrom is not a party to the underlying litigation and he is retired. Hartley Decl., Ex. 6.

[2] The "issuing court" is the court where the underlying action is pending. Fed. R. Civ. P. 45(a)(2).

2

*Id.*

### Discussion

There is no dispute that Mr. Lundstrom has information relevant to the claims and defenses in the underlying litigation and is going to be deposed. Once one has dampened the noise created by the parties' accusations of improper discovery conduct during the Florida case, the only actual dispute here is *when* that deposition should take place. Entrust and Mr. Lundstrom have not invoked any of the reasons a subpoena must be quashed under Rule 45(d)(3)(A). Nor have they argued that the subpoena should be quashed under the permissive provisions of Rule 45(d)(3)(B). Therefore, the Court can see no basis on which to quash the subpoena.

What the Court is really left with is Entrust and Mr. Lundstrom's argument that this matter should be transferred to the Florida court. Mr. Lundstrom has asked that the dispute be sent to the Middle District of Florida where the underlying action is pending and claims that transfer is appropriate under Rule 45(f). However, based on the record here, the Court finds that transfer is not warranted and the parties should complete Mr. Lundstrom's deposition without further delay.

Entrust and Mr. Lundstrom argue that the parties' dispute should be transferred pursuant to Rule 45(f) because the timing and sequencing of certain discovery, including Mr. Lundstrom's deposition, is currently pending before Magistrate Judge Richardson. However, the record in the underlying case tells a different story. In the underlying litigation, Entrust filed a motion to compel discovery from the Defendants on June 13, 2018. *Entrust Florida Case*, Doc. No. 139. Entrust sought, among other things, production of source code for the accused products. *See id.* at 12. Before Judge Richardson ruled on the motion to compel, on September 10, 2018, Entrust made a motion for a discovery status conference, or in the alternative, a request for oral argument concerning the motion to compel. *Id.*, Doc. No. 169. In its request for a status conference, Entrust discussed the parties' efforts to schedule several depositions, including the Defendants' desire to take Mr. Lundstrom's deposition. *Id.* at 3 ¶ 5; *id.* at 7. The Defendants responded, arguing that they should be permitted to take Mr. Lundstrom's deposition. *Id.*, ECF No. 174 at 9.

3

Judge Richardson held a discovery status conference on October 11, 2018. *Id.*, Doc. No. 179. The timing of Mr. Lundstrom's deposition and the sequencing of discovery were topics of conversation. *See generally*, Johnson Decl., Ex. E (excerpts of discovery status conference in the *Entrust Florida Case*). However, Judge Richardson placed the onus on the parties to work out that issue during the status conference, stating the following:

> We've got to have some civility and cooperation with the parties if the case is going to move forward. Now, it's going to require some give-and-take with regard to scheduling, getting these depositions done, and moving forward. Now, we'll make decisions on the motions to compel. But it's incumbent upon counsel to sit down and hammer out some dates in order to get these depositions done.

Ex. F at 59:10–17.

On November 2, 2018, Judge Richardson issued an Order denying Entrust's motion to compel in part and taking the motion under advisement in part. *Entrust Florida Case*, Doc. No. 184. The November 2nd Order does not discuss Mr. Lundstrom's deposition and Judge Richardson specifically took under advisement only the issues raised in Entrust's motion to compel, which did not concern the timing of Mr. Lundstrom's deposition. *Id.* at 16 ¶¶ 2–3. This procedural history demonstrates that Judge Richardson does not have the timing of Mr. Lundstrom's deposition pending before him and no decision on that issue is forthcoming. As such, the Court finds that transfer of this matter to the Florida court will not intrude on Judge Richardson's management of discovery in the underlying litigation.

At the hearing on the motion to quash/transfer, counsel for Entrust asserted that the service of the subpoena was a "sucker punch" from the Defendants. Entrust's counsel represented that several months ago, Mr. Lundstrom was going to be deposed pursuant to a Rule 30 deposition notice in the underlying litigation. However, Entrust cancelled Lundstrom's deposition in response to its perception that the Defendants had, at the last minute, cancelled other depositions Entrust had noticed first. The record here makes clear that Entrust is attempting to prevent the Defendants from taking Mr. Lundstrom's deposition until it first obtains all the discovery it has requested in the underlying litigation. *See, e.g.,* Hartley Decl., Exs. 14 ("The deposition of

4

Lundstrom ... will not go forward until you have provided us with very near term dates for the Innovatime deposition."); *id.*, Ex. 17 ("A plan that has us providing discovery to you, before you provide us what we have asked for, will be rejected. Until then, we are not providing any depositions."). During the hearing, counsel for Entrust did not identify any provision in the Federal Rules of Civil Procedure, any order in the underlying litigation, or indeed any case law that would support a party's refusal to provide discovery to an opponent in litigation for such a reason. The Court is aware of no authority that permits a party to claim for itself the power to foreclose its opponent's discovery efforts until it receives everything it wants. Rather, such a power is vested in the court. *See* Fed. R. Civ. P. 26(c)(1)(B) (giving the court discretion, for good cause shown, to enter a protective order that establishes the terms, including "the time and place" for disclosure or discovery). Nor is there any basis in the record indicating that it would be prudent to transfer this matter to Judge Richardson so that he could make the same observation. Mr. Lundstrom's deposition should proceed without delay.

*Order*

Consistent with the foregoing, **IT IS HEREBY ORDERED THAT** Entrust and Mr. Lundstrom's Motion to Quash Lundstrom Subpoena, ECF No. 2, is **DENIED**. The parties are required to arrange for Mr. Lundstrom's deposition to take place within 21 days from the date of this Order.

Date: January 14, 2019            *s/Katherine Menendez*
                                                   Katherine Menendez
                                                   United States Magistrate Judge